

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. PD-0007-13 & PD-0008-13

### ALI YAZDCHI, Appellant

#### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIRST COURT OF APPEALS HARRIS COUNTY

**JOHNSON, J., filed a dissenting opinion.**

## DISSENTING OPINION

I do not agree that the language of Article 42.12, § 20(a) is unambiguous. As with many statutes, the language covers a number of circumstances, some of which are compatible with the others, some not. All emphasis is mine.

Sec. 20. REDUCTION OR TERMINATION OF COMMUNITY SUPERVISION.

(a) At any time after the defendant has satisfactorily completed one-third of the original community supervision period or two years of community supervision, whichever is less, the period of community supervision *may* be reduced or terminated by the judge.

This part of the text is clear and unambiguous.

> On completion of one-half of the original community supervision period or two years of community supervision, whichever is more, the judge *shall* review the defendant's record and consider whether to reduce or terminate the period of community supervision, unless the defendant is delinquent in paying required restitution, fines, costs, or fees that the defendant has the ability to pay or the defendant has not completed court-ordered counseling or treatment.

> Before reducing or terminating a period of community supervision or conducting a review under this section, the judge *shall* notify the attorney representing the state and the defendant or, if the defendant has an attorney, the defendant's attorney.

> If the judge determines that the defendant has failed to satisfactorily fulfill the conditions of community supervision, the judge *shall* advise the defendant in writing of the requirements for satisfactorily fulfilling those conditions.

This part is also clear and unambiguous, although I do not know the extent to which the mandatory-review component is complied with, and I think it more likely that the notice of the requirements for satisfactory completion will come from a probation officer than from the judge.

> Upon the satisfactory fulfillment of the conditions of community supervision, and the expiration of the period of community supervision, the judge, by order duly entered, *shall* amend or modify the original sentence imposed, if necessary, to conform to the community supervision period and shall discharge the defendant.

The language begins to get murky here. Is "expiration" the same as "termination" and "reduction"? If not, does a probationer whose term of community supervision has been reduced have to wait until the original term has expired before the judge *shall* discharge him?

> If the judge discharges the defendant under this section, the judge *may* set aside the verdict or permit the defendant to withdraw the defendant's plea, and *shall* dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which the defendant has been convicted or to which the defendant has pleaded guilty, . . . .

After discharge from community supervision under this part of Section 20(a), the judge *may*

set aside the verdict and allow the defendant to withdraw his plea. The judge *shall* then dismiss the charging instrument. This creates two obvious options: discharge and dismissal of the charging instrument or discharge and dismissal of the charging instrument plus the setting aside of the verdict and the defendant's plea. But it also creates a third option: read in chronological sequence, the judge discharges the defendant, chooses to set aside the verdict and the plea, and then must dismiss the charging instrument. In the third option, "shall dismiss" applies, not to all discharges from community supervision, but only to those in which the judge chose to set aside the verdict and plea. And how can a judge dismiss a charging instrument and leave the verdict intact?

except that:
> (1) proof of the conviction or plea of guilty shall be made known to the judge should the defendant again be convicted of any criminal offense; and
> (2) . . . .

For what purpose is the previous offense to be made known? Who shall make it known to the judge? When shall it be made known? The last is the easiest question to answer: when the defendant is again *convicted* of any criminal offense. Requiring that a prior community supervision is to be made known to the judge if the defendant is again *convicted* indicates that the legislature intended that the prior offense is to be considered only on punishment.

It has been suggested that the defendant must make the prior offense known to the judge before trial, based on the requirement that a motion for jury-recommended community supervision must be filed before trial. But what if the defendant elects sentencing by the judge? He is not required to file a motion, so who makes the previous offense known to the judge? What if the defendant does not seek probation? Who makes the previous offense known to the judge? Clearly, the community-supervision office knows of the previous conviction and, therefore, it seems to be

the entity that makes the previous conviction known to the judge, but the statute does not tell us if that was the intended source. And does "made known to the judge" require or even permit the previous offense to be made known to other persons, such as witnesses and jurors?

Lastly, "again convicted" weighs toward concluding that the purpose of making the previous offense known to the judge is providing relevant sentencing information for punishment.

Further, the statute states that, upon discharge, the defendant "shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which the defendant has been convicted or to which the defendant has pleaded guilty, . . . ." If the conviction is "resurrected," does it also then become final and "resurrect" all penalties and disabilities? What if, under one of the previous versions of the law, the defendant's conviction was expunged? Can it still be "resurrected" and "made known to the judge"?

Too many questions, too few answers. I respectfully dissent.


Filed: April 9, 2014
Publish